**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **JULIAN OKEAYAINNEH** | : | **DOCKET NO. 19-cv-01482** |
| **REG. # 20515-112** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **U.S. DEPT OF JUSTICE, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the court is a complaint [doc. 1] filed by pro se plaintiff Julian Okeayainneh, brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act of 1974 ("Privacy Act"), 5 U.S.C. § 552a, seeking the production of certain documents. Okeayainneh is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO").

**I.**
**BACKGROUND**

In the instant matter, Okeayainneh names as defendants the United States Department of Justice, the Federal Bureau of Prisons ("BOP") and the Office of Information Policy ("OIP"). Doc. 1, p. 3, ¶ IV. Plaintiff asserts that during 2019, he made a series of proper, written requests under FOIA and the Privacy Act to each of the defendants. *Id*. at p. 4. The first and second request were issued to the BOP in Grand Prairie, Texas, on January 25, 2019 and February 1, 2019. Doc. 1, att. 2, p. 11, 13. The third request was issued to the OIP in Washington, D.C., on March 14, 2019. *Id*. at p. 15. He contends that he has exhausted his administrative remedies and that the instant suit is now properly before this Court. *Id*. at p. 5.

## II.
### LAW & ANALYSIS

### A. *Frivolity Review*

Since plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A which authorizes such screening even if the prisoner-plaintiff has, like plaintiff, paid the full filing fee. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B. *Venue*

Plaintiff contends that venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552(a)(g)(5), and 28 U.S.C. § 1391 because "all of the events and omissions giving rise to this claim occurred in this judicial district." Doc. 1, p. 4.

Venue for FOIA actions is governed by 5 U.S.C. § 552(a)(4)(B), which reads in pertinent part as follows:

On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

According to a previous petition for writ of habeas corpus filed by Okeayainneh in this Court, he is a Nigerian national who came to the United States in 1997, was granted asylum and withholding of removal under the INA Act in 1998. *See Okeayainneh v. McHenry, et al*, Docket No. 2:19-cv-1024 (W.D. La., Dec. 30, 2019) at doc. 6, pp. 6-7. He was subsequently was found guilty of conspiracy to commit bank fraud, bank fraud, mail fraud, wire fraud, aggravated identity theft, conspiracy to commit money laundering, and trafficking in false authentication features and sentenced to a term of 324 months in United States District Court for the District of Minnesota. See *United States v. Okeayainneh*, 2019 U.S. Dist. LEXIS 171707, 2019 WL 4888880 at *2 (D. Minn., Oct. 2, 2019).

Plaintiff's only apparent connection with the State of Louisiana is that he is incarcerated here. In the Fifth Circuit, a prisoner's place of incarceration is not his residence for purposes of venue. *Ellingburg v. Connett*, 457 F.2d 240, 241 (5th Cir. 1972). Accordingly, Louisiana is not his place of residence.

The Court in *Santana v. DOJ,* 2008 U.S. Dist. LEXIS 107181, 2008 WL 5574668, *23 (W.D. La. Dec. 12, 2008), addressed a similar situation. In that case, the Plaintiff, a prisoner housed at the Pine Prairie Correctional Center in Pine Prairie, Louisiana, filed suit seeking judicial review of the denial of his request for access to certain records under the FOIA. Addressing venue, the Court, relying on *Elingburg, supra*, held that the plaintiff's place of incarceration was not his residence for purposes of venue. *Id*. at *4. Further, the Court noted that, while he was convicted in New Hampshire, the record was void of any information that would suggest a New Hampshire

residence, other than his conviction there.  Accordingly, the Court held that the only clearly proper

venue available was the District of Columbia.  As such, the matter was transferred to the District

Court for the District of Columbia for resolution.  *Id.*

In this matter, it is undisputed that neither the plaintiff's residence nor his principal place

of business is located in the Western District of Louisiana.  While it is unclear where the records

are located, there is no evidence that they are located in this district.

Therefore, the only clearly proper venue available to Mr. Okeayainneh under 5 U.S.C. §

552(a)(4)(B) is the District of Columbia.  Under 28 U.S.C. § 1406(a), the court may, in the interests

of justice, transfer a case brought in the wrong district to "any district or division in which it could

have been brought." The undersigned finds that, in the interests of justice, this matter should be

transferred to the District Court for the District of Columbia for resolution.

### III.
#### CONCLUSION

Accordingly,

**IT IS ORDERED THAT** this matter be **TRANSFERRED** to a district of proper venue,

the United States District Court for the District of Columbia, pursuant to 28 U.SC. 1406(a).  The

effect of this order is suspended for a period of fourteen (14) days to allow plaintiff an opportunity

to object to this ruling with the District Court if he so chooses.

THUS DONE AND SIGNED in Chambers this 8th day of January, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE